UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN M. COOPER,<br><br>    Plaintiff,<br><br>    v.<br><br>CORY SHELL, et al.,<br><br>    Defendants. | No. 2:20-cv-1014 KJN P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Because plaintiff is not challenging the conditions of his confinement, the undersigned recommends that this action be dismissed without leave to amend.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Complaint

Plaintiff was convicted of motor vehicle theft by a jury in Sacramento County, Case No. 18FE012454.  Plaintiff alleges that the Sacramento County District Attorney, judge or trial counsel will not disclose the victim's police report.  At his trial, plaintiff states that the investigating officer, CHP Officer Cory Shell, testified that he investigated the theft of Bruce Lavergne's truck, and at the preliminary hearing, Shell testified to reading the police report filed by victim Lavergne.  But plaintiff contends that the discovery provided by the prosecution to defense counsel did not contain such police report, and contained discovery identifying a victim by the name of Zaker Nader, and further alleges that none of the discovery provided to defense counsel contained any material facts related to the criminal complaint against plaintiff.  (ECF No. 1 at 3.)  As defendants, plaintiff names CHP Officer Shell, District Attorney Stephanie Maronn, defense counsel Paul Gomez, and state trial judge Lueras.

As relief, plaintiff asks that the police report filed by Bruce Lavergne be sent to plaintiff.  (ECF No. 1 at 6.)

Discussion

As a general rule, a claim that challenges the fact or duration of a prisoner's confinement should be addressed by filing a habeas corpus petition, while a claim that challenges the conditions of confinement should be addressed by filing a civil rights action.  Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam).  Here, plaintiff's allegations do not challenge the conditions of his confinement and therefore do not constitute a civil rights challenge under 42 U.S.C. § 1983.

////

To the extent that plaintiff challenges his conviction because the prosecution failed to disclose the police report or other exculpatory evidence to the defense, in violation of Brady v. Maryland, 373 U.S. 83 (1967), plaintiff may only pursue such claim in this court through a petition for writ of habeas corpus under 28 U.S.C. § 2254.  Here, however, such challenge is premature because plaintiff's direct appeal is still pending.[1]  Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) ("When . . . an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts.")  Therefore, the undersigned declines to construe plaintiff's complaint as a petition for writ of habeas corpus, or to grant plaintiff leave to amend.  Although the Court would generally grant plaintiff leave to amend in light of his pro se status, amendment is futile in this instance because the deficiencies cannot be cured by amendment.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend); see also Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (a civil rights complaint seeking habeas relief should be dismissed without prejudice to filing as a petition for writ of habeas corpus).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

////

---

[1] People v Cooper, No. C088522 (3rd App. Dist. Cal.).  The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites.  Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010).  It is appropriate to take judicial notice of the docket sheet of a California court.  White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010).  The address of the official website of the California state courts is www.courts.ca.gov.

1 Director of the California Department of Corrections and Rehabilitation filed concurrently
2 herewith.
3        3. The Clerk of the Court is directed to assign a district judge to this case; and
4        Further, IT IS RECOMMENDED that plaintiff's complaint be dismissed without
5 prejudice, and this action be terminated.
6        These findings and recommendations are submitted to the United States District Judge
7 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after
8 being served with these findings and recommendations, plaintiff may file written objections with
9 the court and serve a copy on all parties.  Such a document should be captioned "Objections to
10 Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file
11 objections within the specified time may waive the right to appeal the District Court's order.
12 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
13 Dated:  May 26, 2020

/coop1014.56

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

5